**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOSE IBARRA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **NO. 4:26-CV-321-O** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| **Respondent.** | § | |

**OPINION AND ORDER**

Came on for consideration the petition of Jose Ibarra under 28 U.S.C. § 2254 for writ of habeas corpus. Having considered the petition, the response, the record, and applicable authorities, the Court concludes that the petition must be **DISMISSED**.

## I. BACKGROUND

Petitioner is serving a term of imprisonment of 15 years imposed May 10, 2019, following his conviction for indecency with a child by sexual contact under Cause No. 1493142D in the 372nd District Court, Tarrant County, Texas. ECF No. 18-8 at 7–9. He has completed service of a sentence of 8 years' imprisonment for indecency with a child by contact under Cause No. 1501955D in the 372nd District Court, Tarrant County, imposed on the same date. ECF No. 16-1, Ex. A at 2; ECF No. 18-11 at 7–9. In each instance, he entered a plea of guilty to the charge and a plea of true to the enhancement. ECF No. 18-8 at 7; ECF No. 18-11 at 7. He did not appeal. ECF No. 1 at 2.[1]

On August 10, 2025, Petitioner signed a state habeas application challenging his 8-year

[1] Page number references to the petition are to "Page __ of 19" reflected at the top right portion of the document on the Court's electronic filing system.

sentence, which was received-stamped by the clerk on August 21, 2025. ECF No. 18-2 at 11, 26. He signed a separate application with regard to the 15-year sentence bearing the same date and also file-stamped on August 21, 2025. ECF No. 18-5 at 11, 26. On September 5, 2025, Petitioner signed his first federal habeas petition, ECF No. 16-2, Ex. B at 16, which was received by the United States District Court for the Eastern District of Texas on September 10, 2025. *Id.* at 2. The federal petition was transferred to this Court, ECF No. 16-3, Ex. C, where it was assigned Civil Action No. 4:25-CV-1116-P. On October 23, 2025, the Court of Criminal Appeals of Texas ("CCA") dismissed the state petitions without written order for improper modification of the forms. ECF No. 18-1; ECF No. 18-4. On November 18, 2025, this Court dismissed the federal petition without prejudice for want of exhaustion. ECF No. 16-4, Ex. D.

On November 23, 2025, Petitioner filed his second set of state habeas applications challenging his 15-year sentence, ECF No. 18-8 at 11–26, and his 8-year sentence. ECF No. 18-11 at 11–26. On February 5, 2026, the CCA denied the applications without written order on the findings of the trial court and on the CCA's own independent review. ECF No. 18-7; ECF No. 18-10.

On March 5, 2026, Petitioner filed his federal petition assigned this civil action number. ECF No. 1 at 15 (signature page). Although he refers only to the 15-year sentence as the conviction he is challenging, *id.* at 1, he asks that the Court "reverse and dismiss the convictions." *Id.* at 15. As Respondent notes, ECF No. 16 at 7–8, the Court lacks jurisdiction to consider No. 1501955D because Petitioner is no longer in custody as to that sentence. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Nevertheless, for the sake of completeness, the Court will refer to the "convictions" in its analysis of Petitioner's claims.

## II. GROUNDS OF THE MOTION

Petitioner sets forth six grounds in support of his petition categorized as: ineffective assistance of counsel, unlawful search and seizure, due process violation, speedy trial violation, Fourth Amendment "free standing claim of innocence," and prosecutorial misconduct. ECF No. 1; ECF No. 2.

## III. APPLICABLE LEGAL STANDARDS

### A. Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09. A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*,

356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B. Statute of Limitations**

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A properly-filed subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682; *Alexander*,

294 F.3d at 629. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87. “Actual innocence” means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

**C. Exhaustion**

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a “somewhat similar state-law claim” is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin*, 569 U.S. at 386; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and show that, in light of such evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324, 329. Again, actual innocence means factual innocence, not merely legal insufficiency. *Bousley*, 523 U.S. at 623.

## IV. ANALYSIS

Petitioner was sentenced on May 10, 2019. His convictions became final June 10, 2019,[2] when the time for appeal expired. TEX. R. APP. P. 26.[2] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (if petitioner stops the appeal process before filing a petition for writ of certiorari, the conviction becomes final when the time for seeking further direct review in state court expires). Absent tolling, Petitioner had until June 10, 2020, in which to file his federal habeas petition. 28 U.S.C. § 2244(d)(1). His state habeas applications, filed long after limitations expired, did not extend the filing deadline. *Scott*, 227 F.3d at 263.

Petitioner acknowledges that he failed to timely file his federal petition but urges that he should be entitled to tolling because he had no means of hiring counsel and it took time for him to become familiar with the proceedings and process of the courts. He alleges that he has been diligently pursuing his claims of actual innocence. ECF No. 1 at 13–14. None of the reasons he

[2] Respondent notes that June 9 was a Sunday so the limitations period extended to Monday, June 10, 2019. ECF No. 16 at 10 n.5.

has given justifies entitlement to equitable tolling. There is no constitutional right to counsel in postconviction proceedings. *Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir. 2001) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Moreover, Petitioner's ignorance of the law or lack of familiarity with legal process does not suffice. *Petty*, 530 F.3d at 366; *Fierro*, 294 F.3d at 682. And, although Petitioner claims actual innocence, he has not come forward with any new evidence to support such claim. *See Schlup*, 513 U.S. at 324 (petitioner must present new reliable evidence that was not presented at trial); *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (evidence is not new under *Schlup* if it was within reach of petitioner's personal knowledge or reasonable investigation). Instead, he argues that evidence of his innocence existed from the beginning. ECF No. 2 at 3–6.[3] Petitioner is not entitled to equitable tolling.

Limitations notwithstanding, for the reasons discussed in the response, Petitioner's claims are unexhausted and procedurally barred. ECF No. 16 at 18–24. The Court need not elaborate further.

## V. CONCLUSION

For the reasons discussed, Petitioner's application is **DISMISSED**. The Court need not reach the merits of the claims.

Further, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** this **25th day** of **September 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

[3] The page number references to the memorandum are to "Page __ of 14" reflected at the top right portion of the document on the Court's electronic filing system.